CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 0 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **GARY W.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 7:17cv00074 |
| v. | ) | |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | By:  Michael F. Urbanski |
| Acting Commissioner of | ) | Chief United States District Judge |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on March 23, 2018, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Gary W. has filed objections to the report, the Commissioner has responded, and this matter is now ripe for the court's consideration.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient

specificity so as reasonably to alert the district court of the true ground for the objection."

United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir. 2010),

cert. denied, 131 S. Ct. 610 (2010); see also Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed . . . .").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844–45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

539 F. Supp. 2d at 846 (quoting Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). A plaintiff who reiterates her previously raised arguments will not be given "the second bite at the apple [he] seeks"; instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.[1]

Gary W. raised three principal arguments on summary judgment: (1) the Administrative Law Judge (the "ALJ") failed to give greater weight of the opinions of Gary W.'s treating physician, Dr. Bruce Mathern; (2) the ALJ improperly determined that Gary W.'s testimony about the extent of his symptoms was not credible; and (3) the ALJ failed to perform a function by function analysis on how Gary W.'s impairments affect his ability to work. The magistrate judge rejected these arguments and found substantial evidence supported the ALJ's determination that Gary W. was not disabled. Gary W. objects to the magistrate judge's findings as to each of his three arguments. The court will address these objections in turn.

## A.

Gary W. first objects to the magistrate judge's conclusion that "the ALJ properly explained the weight given to Dr. Mathern's opinion, which allows for meaningful review by the court and is supported by substantial evidence." Report & Recommendation ("R&R"), ECF No. 18, at 3; see Obj. R&R Issued U.S. Magistrate Judge Robert S. Ballou ("Pl.'s Obj."), ECF No. 19, at 1. Specifically, Gary W. argues that Elliot Skorupa and Bill Mercer "both opined that [Gary W.] has significant limitations on his ability to reach, as did Dr Mathern." Pl.'s Obj. 2.

Gary W. raises this same argument on summary judgment. Gary W. admits as much, recognizing that the magistrate judge's analysis was "[s]imilar to the ALJ['s]," and claiming

---

[1] Detailed facts about Wilhelm's impairments and medical and procedural history can be found in the report and recommendation, ECF No. 18, and in the voluminous administrative transcript, ECF No. 7. As such, they will not be repeated here.

that "[t]he ALJ and [R&R] ignore the detailed evidence contained within the reports of Elliott Skorupa and Bill Mercer." Pl.'s Obj. 1–2. A plaintiff, unsatisfied by the findings and recommendation of the magistrate judge, cannot seek re-argument of his case in the guise of an objection. Veney, 539 F. Supp. 2d at 844. This general objection does not warrant de novo review. Id. at 844–46; see also Camper, 2009 WL 9044111, at *2.

In any event, in determining that "the ALJ correctly gave [Dr. Mathern's opinion] less weight," the magistrate judge correctly determined that "the ALJ provided a detailed explanation of the weight given to Dr. Mathern's opinions, which allows for meaningful review and is supported by substantial evidence." R&R 12.

For claims filed before March 27, 2017, like Gary W.'s, social security regulations require that an ALJ give a treating source's opinion "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If an ALJ does not give a treating source's opinion controlling weight, the ALJ must "give good reasons" for doing so. Id. § 416.927(c)(2). In providing those "good reasons," the ALJ must consider six factors: (1) the length of treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the weight of the medical evidence that supports the opinion; (4) consistency with the record as a whole; (5) the specialization of the treating physician; and (6) any other factors the claimant brings to the attention of the ALJ. Id. § 416.927(c)(2)–(6).

The magistrate judge correctly identified current Fourth Circuit law regarding an ALJ's explanation of the weight given to medical evidence:

The Fourth Circuit recently clarified the level of explanation required by the ALJ to sufficiently support the weight given to a medical opinion. See Brown v. Comm'r, 873 F.3d 251, 268 (4th Cir. 2017); [Monroe v. Colvin, 826 F.3d 176, 189–91 (4th Cir. 2016)]. The ALJ must provide a narrative discussion describing how the evidence in the record supports each of his conclusions, citing specific medical facts and non-medical evidence, which "build[s] an accurate and logical bridge from the evidence to [its] conclusion." Monroe, 826 F.3d at 189. The failure of an ALJ to specifically state what treatment history or evidence contradicts a particular medical opinion means "the analysis is incomplete and precludes meaningful review." Id. at 190. "Where a lack of specificity and analysis prohibits the district court from gleaning the evidence relied upon or the reasoning for weight afforded contradictory opinions, the district court cannot merely look to the record or conclusory statements within the opinion, but must remand the case to that the ALJ can adequately explain if and how the evidence supports his RFC determination." Rucker v. Colvin, No. 715cv148, 2016 WL 5231824, at *4 (W.D. Va. Sept. 20, 2016) (citing Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2016)).

R&R 11–12.

The court agrees with the magistrate judge that substantial evidence supports the ALJ's decision to not afford Dr. Mathern's opinions controlling weight. The ALJ must consider all medical evidence, even if the ALJ decides to give a treating source's opinion controlling weight. 20 C.F.R. § 404.1527(c). As such, the ALJ was required to consider Skorupa's and Mercer's opinions.

Gary W. claims that "the reports of Mr. Skorupa and Mr. Mercer are consistent with the opinions of Dr. Mathern." Pl.'s Obj. 2. In some aspects they are, but in critical aspects they are not. Dr. Mathern gave Gary W. "a 10 pound lifting restriction." R. 331. Skorupa gave Gary W. a 30 pound restriction, R. 344, and Mercer noted that Gary W. could carry 40 pounds at waist level, R. 1125. Moreover, Gary W. does not dispute that Skorupa's and

Mercer's opinions are products of "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(c)(2).

With these facts in mind, the court concludes that Skorupa's and Mercer's opinions are "other substantial evidence" in the case record. Id. Because Dr. Mathern's opinion was in conflict with Skorupa's and Mercer's opinions, the ALJ was not required to—and indeed, did not—give controlling weight to Dr. Mathern's opinion.

To be sure, the ALJ must "give good reasons" for not giving the treating source's opinion controlling weight. Id. § 416.927(c)(2). But as the magistrate judge correctly concluded, a review of the ALJ's decision reveals that it "buil[t] an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189. The ALJ fully examined the totality of the medical evidence, including Dr. Mathern's treatment records and opinions, Skorupa's and Mercer's testing and opinions, the treatment records of other treating sources, and Gary W.'s own testimony. After examining the evidence, the ALJ concluded that Dr. Mathern's opinion was in conflict with Skorupa's and Mercer's opinions. On that basis, the ALJ decided that Skorupa's and Mercer's opinions were due more weight than Dr. Mathern's. That conclusion is clearly spelled out in the opinion and fully comports with the requirement that the ALJ "give good reasons" for not giving Dr. Mathern's opinion controlling weight.

In essence, Gary W. asks the court to reweigh the evidence after the fact. The court cannot do this. Instead, the court "[m]ust defer to the ALJ's determination when, as here, conflicting evidence might lead reasonable minds to disagree whether [the claimant] was disabled." Sharp v. Colvin, 660 F. App'x 251, 258 (4th Cir. 2016). Accordingly, the court

holds that the ALJ's findings regarding Gary W.'s treating source are supported by substantial evidence.

**B.**

Gary W. next takes issue with the magistrate judge finding that "the ALJ's assessment of [Gary W.'s] allegations and credibility is supported by substantial evidence." Pl.'s Obj. Pl.'s Obj. 5–6 (citing R&R 18). While Gary W. tries to dress this objection up as a misapplication of <u>Brown v. Commissioner</u>, this objection is merely a reiteration of Gary W.'s argument made in front of the magistrate judge: "The medical evidence of record fully supports [Gary W.'s] allegations of debilitating symptoms and the ALJ erred in finding [Gary W.] less than credible." Mem. Supp. Pl.'s Mot. Summ. J. ("Pl.'s MSJ Br."), ECF No. 12, at 24. As before, Gary W. cannot overcome his dissatisfaction with the magistrate judge's recommendation by rearguing his case in the guise of an objection. <u>See</u> <u>Veney</u>, 539 F. Supp. 2d at 844. In any event, the court finds no error in the magistrate judge's conclusion that the ALJ properly analyzed the credibility of Gary W.'s testimony.

An ALJ is required to assess a claimant's statements about his symptoms and their functional impact on his life. <u>See</u> 20 C.F.R. 404.1529(c)(4). The Fourth Circuit has explained that:

> in assessing the credibility of a claimant's statements about pain and its functional effects, the ALJ is supposed to consider whether there are "any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you."

<u>Brown</u>, 873 F.3d at 269 (quoting 20 C.F.R. § 404.1529(c)(4)).

The ALJ may not "merely list[] [a claimant's] activities as substantial evidence that [he] does not suffer disabling pain." Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000); see also Brown, 873 F.3d at 269–70 (adopting Clifford's reasoning). Instead, an "ALJ must build an accurate and logical bridge from the evidence to his conclusion that [the claimant's] testimony was not credible." Brown, 873 F.3d at 269 (alteration in original) (internal quotations omitted) (quoting Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)). An ALJ is required to consider multiple factors in his analysis of the severity of Gary W.'s symptoms—not just Gary W.'s testimony. See 20 C.F.R. § 404.1529(c)(3)–(4).

The magistrate judge correctly determined that, "unlike in Brown, the ALJ properly considered [Gary W.'s] alleged daily activities along with the other evidence in the case." R&R 17. Unlike what Gary W. claims, the ALJ did take into account Gary W.'s subjective complaints. See R. 49. (Gary W. "testified he can stand and sit for short durations of time, but has to lie down and rest during a normal day to relieve pain and fatigue."). The ALJ, however, concluded that Gary W.'s "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. 50.

In reaching that conclusion, the ALJ relied on myriad medical reports of Gary W., including the medication Gary W. was prescribed (but often did not take) and his other treatment. Cf. 20 C.F.R. § 404.1529(c)(3)(iv)–(v). The ALJ also relied on the opinions of Mercer and Skorupa, which opinions the court has already concluded are substantial evidence supporting the ALJ's decision. See id. § 404.1529(c)(4). The court agrees with the magistrate judge that the ALJ built an accurate and logical bridge between the substantial

9

evidence on the record and the ALJ's determination that Gary W.'s testimony on the severity

of his symptoms was not entirely credible. The court will not reexamine Gary W.'s

credibility. See Sharp, 660 F. App'x at 258.

## C.

Finally, Gary W. argues that the magistrate judge "ignored the conflicting evidence

that [Gary W. could] only perform the activities cited by the ALJ on an intermittent basis

and instead, merely states that [Gary W.] can perform the cited activities." Pl.'s Obj. 68

(citing R&R 19). Gary W.'s objection is nearly identical to the objection he made in support

of his motion for summary judgment. Compare Pl.'s Obj. 6 ("[T]he ALJ in this case failed to

specifically address the frequency with which plaintiff will change positions and whether this

activity will take him off task at an unacceptable rate over the course of an eight hour

workday."), with Pl.'s MSJ Br. 27 ("The ALJ failed to conduct a function by function analysis

and failed to make any specific findings regarding plaintiff's manipulative limitations, his

need to lie down and rest during the day, the frequency he would be absent from work and

consequently, did not present proper hypotheticals to the vocational expert."). Gary W. has

reformulated his original argument with different words, but it is the same argument and

does not warrant de novo review.

In any event, the magistrate judge is correct that "the ALJ in this case did not fail to

consider conflicting medical evidence" and "include[d] a detailed summary of [Gary W.'s]

medical records, the medical opinions, [Gary W.'s] hearing testimony and the ALJ's

conclusion." R&R 19. The court has already held that the ALJ's analysis of the record was

proper. The same analysis applies here. As the magistrate judge concluded, "[t]he ALJ

considered the conflicting medical opinions in the record and explained the weight given to each opinion." Id. And the ALJ properly analyzed the credibility of Gary W.'s testimony. That is all that was required of the ALJ. See Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). Accordingly, the ALJ's function by function analysis is supported by substantial evidence.

### III.

At the end of the day, it is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet her burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). To that end, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial, Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance, Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the magistrate judge's report, the objections to the report, the Commissioner's response, and the administrative record and, in so doing, made a <u>de novo</u> determination of the portion of the report to which Gary W. properly objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: 09/20/2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge